USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  8/1/2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
TRUSTEES FOR THE MASON TENDERS          :
DISTRICT COUNCIL WELFARE FUND,          :
PENSION FUND, ANNUITY FUND AND          :
TRAINING PROGRAM FUND, and ROBERT       :          1:14-cv-1560-GHW
BONANZA, as Business Manager of the MASON :
TENDERS DISTRICT COUNCIL OF GREATER :
NEW YORK,                               :          MEMORANDUM OPINION
                                        :              AND ORDER
                                        :
                         Plaintiffs,    :
                                        :
                                        :
              -v -                      :
                                        :
ODESSY CONSTRUCTIONCORP,                :
                                        :
                         Defendant.     :
------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

The Trustees of the Mason Tenders District Council Welfare Fund, Pension Fund, Annuity

Fund, and Training Program Fund (collectively, the "Funds"), and Robert Bonanza, as Business

Manager of the Mason Tenders District Council of Greater New York (the "Union"), seek to

confirm an arbitration award obtained against Odessy Constructioncorp ("Odessy") pursuant to

Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.[1]  For the

following reasons, the award is confirmed.

---

[1] Plaintiffs commenced this action by filing a complaint that raised claims under Section 301 of the LMRA, under
Sections 502 and 515 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and
under Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9.  Plaintiffs essentially seek the same relief under all
three causes of action; namely, confirmation of the arbitration award.  The Court observes that Plaintiffs' "kitchen sink"
approach to pleading this action may not be the most efficient or effective means of seeking relief.  *See Trustees of Empire
State Carpenters Annuity, Apprenticeship, Labor-Management Corporation, Pension and Welfare Funds v. AG Construction Corporation*,
No. CV 13-5087(JS)(WDW), 2014 WL 3491398, at *1 n.1 (E.D.N.Y. Apr. 28, 2014) ("[C]ourts have criticized plaintiff
Funds or Trustees for mischaracterizing their pleadings as complaints rather than petitions, the preferred form for
confirmation proceedings.  Those courts treated the complaints as petitions to confirm arbitration awards because . . .
the Funds requested the appropriate relief for a petition." (citations omitted)).  The Court treats Plaintiffs' complaint as a
petition to confirm an arbitration award because that is the principal form of relief requested in the complaint.  The
Court will not consider Plaintiffs' claims for relief under ERISA because "an action to confirm an arbitration award is
not an appropriate vehicle for adjudication of ERISA claims for damages."  *Ottley v. Schwartzberg*, 819 F.2d 373, 377 (2d
Cir. 1987); *see also New York City Dist. Council of Carpenters Pension Fund v. Eastern Millenium Construction, Inc.*, No. 03 Civ.
5122(DAB), 2003 WL 22773355, at *1 n.1 (S.D.N.Y. Nov. 21, 2003) (declining to consider the plaintiff's ERISA claims
for the same reason).  Nor will the Court consider Plaintiffs' claims for relief under the FAA, since the FAA does not
apply to actions within the scope of Section 301 of the LMRA.  *Santos v. General Elec. Co.*, No. 10 Civ. 6948(JSR)(MHD),

BACKGROUND

Pursuant to a collective bargaining agreement between Odessy and the Union (the "CBA"), Odessy agreed to pay benefit contributions to the Funds at certain specified rates for all employees covered by the CBA.  Dkt. No. 9, Declaration of Haluk Savci ("Savci Decl.") at ¶¶ 11, 13.  Odessy further agreed that it was bound by the Funds' arbitration procedures for allegedly unpaid contributions, and that, if an arbitration award or other legal judgment for unpaid contributions was entered against it, it would pay to the Funds the unpaid contributions, interest on the unpaid contributions, "interest on the unpaid contributions as and for liquidated damages,"[2] and reasonable attorneys' fees and costs.  *Id.* ¶¶ 15-16.

In January 2013, the Funds mailed to Odessy a Notice of Intention to Arbitrate in connection with Odessy's alleged failure to make requisite contributions to the Funds for the period of August 1, 2012 to September 30, 2012.  *Id.* ¶ 16.  The designated arbitrator notified the parties that a hearing on the matter would be held on March 5, 2013.  *Id.*

At the scheduled hearing, the Funds' Collection Manager testified that Odessy had failed to pay required fringe benefit contributions to the Funds on 2,273 hours worked, and counsel for the Funds submitted shop steward reports detailing these hours.  *Id.* ¶ 17.  No representative appeared at the hearing on behalf of Odessy.  *Id.*

On March 10, 2013, the arbitrator determined that, based on the "substantial and credible" evidence presented at the hearing, Odessy owed the Funds $54,097.40 in unpaid benefit contributions, $1,059.28 in interest, $7,637.28 in dues and PAC contributions, $10,819.48 in

---

2011 WL 5563544, at *8 & *8 n.13 (S.D.N.Y. Sept. 28, 2011); *accord Westerbeke v. Daihatsu Motor Co., Ltd.*, 304 F.3d 200, 222 (2d Cir. 2002) ("[T]he FAA is no longer applicable to actions to enforce arbitration awards brought pursuant to § 301 of the LMRA."); *see also id.* at 221-22 (lamenting the "unfortunate tendency of courts in this Circuit to conflate review of awards under the FAA and under § 301 [of the LMRA]" and noting that "it would be error to collapse the analysis under the two statutes").

[2] The Court assumes that this obscure phrase refers to ERISA Section 502(g)(2)(C), under which a party who obtains a judgment for unpaid benefit contributions is entitled to the greater of either the interest on the unpaid contributions or liquidated damages not to exceed 20% of the amount of the unpaid contributions.  *See* 29 U.S.C. § 1132(g)(2)(C).

liquidated damages under ERISA, and $1,000 in arbitration costs, for a total of $74,613.44.  Savci Decl., Ex. 6 (Award).

On March 6, 2014, Plaintiffs commenced the instant action, asserting that Odessy has failed to make any payments on the arbitrator's award.  Despite being properly served with the complaint, Odessy has not appeared in this action.  In lieu of moving default judgment, Plaintiffs seek to confirm the arbitration award on an unopposed motion for summary judgment.

DISCUSSION

"Section 301 of the [LMRA], 29 U.S.C. § 185, provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards." *Local 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998).  "Confirmation of a labor arbitration award under LMRA § 301 is a summary proceeding that merely makes what is already a final arbitration award a judgment of the Court."  *N.Y. Med. Ctr. of Queens v. 1199 SEIU United Healthcare Workers East*, No. 11-cv-04421 (ENV)(RLM), 2012 WL 2179118, at *4 (E.D.N.Y. June 13, 2012) (internal quotation marks omitted).

"Because [t]he federal policy of settling labor disputes by arbitration would be undermined if courts had the final say on the merits of [arbitration] awards, an arbitrator's award resolving a labor dispute is legitimate and enforceable as long as it draws its essence from the collective bargaining agreement and is not merely an exercise of the arbitrator's own brand of industrial justice."  *Local 97, Int'l Bhd. of Elect. Workers v. Niagara Mohawk Power Corp.*, 196 F.3d 117, 124 (2d Cir. 1999) (citation and internal quotation marks omitted); *see also Harry Hoffman Printing, Inc. v. Graphic Communications Int'l Union, Local 261*, 950 F.2d 95, 97 (2d Cir. 1991) ("[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." (internal quotation marks omitted)).  "Generally speaking, unless the award is procured through fraud or dishonesty, the decision should not be disturbed."  *Niagara Mohawk*, 196 F.3d at 124.

When a petition to confirm an arbitration award is unopposed, courts should generally treat "the petition and accompanying record . . . as akin to a motion for summary judgment." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006). Thus, like unopposed summary judgment motions, unopposed confirmation petitions "must fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law." *Id.* at 110 (internal quotation marks omitted).

Here, there is no indication that the arbitrator's award was procured through fraud or dishonesty or that any other basis for overturning the award exists. Rather, the record demonstrates that the award is based on undisputed evidence that Odessy failed to make benefit contributions to the Funds on 2,273 hours worked in breach of CBA. Accordingly, Plaintiffs' motion is granted and the award is confirmed. The Clerk of Court is directed to enter judgment in favor of Plaintiffs and against Odessy in the amount of $74,613.44 and to close the case.

SO ORDERED.

Dated:  August 1, 2014
New York, New York

GREGORY H. WOODS
United States District Judge

4